UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ESSEX INSURANCE COMPANY, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION H-06-2924 |
| § | |
| BICKFORD & SONS, L.P., *et al*. § | |
| § | |
| *Defendants*, § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is plaintiff's Essex Insurance Company's ("Essex") motion for summary judgement. (Dkt. 23). After carefully considering the parties' pleadings, the record evidence, and the applicable law, plaintiff's motion for summary judgment is GRANTED.

**BACKGROUND**

Essex, a surplus lines insurer, issued Commercial General Liability ("CGL") insurance policy No. 3CR1514 to Bickford & Sons, L.P. ("Bickford"), for the policy period of August 12, 2005 to August 12, 2006. On September 1, 2005, Fernando Pedraza, an employee of Bickford's subcontractor Leonardo Angel d/b/a Angel Construction Company ("Angel Construction") working on a job site for Hahnfeld-Witmer-Davis, Inc. ("HWD"),[1] died after falling from the second floor and sustaining a skull fracture. Subsequently, Pedraza's parents, Fernando Alvarado Flores and Maria Luisa Pedraza Bravo, sued Bickford, Angel Construction, and HWD on grounds of negligence and gross negligence, seeking all wrongful death and survival damages available under

---

1   HWD is a homebuilder and general contractor. HWD subcontracted Bickford to do framing work at a home being built in Sugar Land, Texas. Bickford, in turn, subcontracted the framing work to Angel Construction, the company who hired Pedraza. From the parties' pleadings, it is unclear whether Pedraza was an employee of Angel Construction or an independent contractor retained by Angel Construction. However, for later stated reasons, Pedraza's employment status has no affect on the court's analysis.

Texas law. Thereafter, Essex filed a complaint asking this court for declaratory relief. Specifically, Essex seeks the court to declare that there is no coverage for and it has no duty to defend Bickford in the underlying suit. In addition, Essex seeks a determination that HWD is not insured under the policy issued to Bickford.

## DECLARATORY JUDGEMENT ACT AND JURISDICTION

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (1994). The United States Supreme Court has repeatedly characterized the Declaratory Judgment Act as an "enabling" statute only, "confer[ing] a discretion on the courts rather than an absolute right upon the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) (quoting *PSC v. Wycoff Co.*, 344 U.S. 237, 241 (1952)) (internal quotation marks omitted). Therefore, "the propriety of declaratory relief in a particular case will depend upon a circumspect sense of its fitness informed by the teachings and experience concerning the functions and extent of federal judicial power." *Id.* (quoting *Wycoff*, 344 U.S. at 241).

Insurance coverage disputes are often resolved in an action for declaratory judgment. *Harris v. United States Fidelity & Guaranty Co.*, 569 F.2d 850, 852 (5th Cir. 1978). However, § 2201 is a procedural provision only extending to controversies within the jurisdiction of the federal courts. *Gaar v. Quirk*, 86 F.3d 451, 453-54 (5th Cir. 1996); *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1176-77 (5th Cir. 1984). As such, federal courts may not entertain declaratory judgment actions unless there is an independent basis for subject matter jurisdiction. *Lowe*, 723 F.2d at 1177. As the present case is based on diversity of citizenship, under 28 U.S.C. § 1332, the jurisdictional

requirements are satisfied, and Essex's request for declaratory relief is properly before this court. Essex moves the court to exercise that jurisdiction and grant a summary judgment in its favor on all claims.

## STANDARD OF REVIEW

Summary judgment should be granted if the record, taken as a whole, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c); *N.Y. Life Ins. Co. v. Travelers Ins. Co.*, 92 F.3d 336, 338 (5th Cir. 1996). The Supreme Court has interpreted the plain language of Rule 56(c) to mandate "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548 (1986). A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc) (quoting *Celotex*, 477 U.S. at 323-25). If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Little*, 37 F.3d at 1075.

If the moving party meets this burden, however, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1046-47 (5th Cir. 1996). The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence. *Little*, 37 F.3d at 1075; *Wallace*, 80 F.3d at 1047. Factual

controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Wallace*, 80 F.3d at 1048 (quoting *Little*, 37 F.3d at 1075); *see also S.W.S. Erectors, Inc. v. Infax, Inc.*,72 F.3d 489, 494 (5th Cir.1996). The court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *McCallum Highlands v. Wash. Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir.1995), *as revised on denial of reh'g*, 70 F.3d 26 (5th Cir.1995). Unless there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is no genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-51, 106 S. Ct. 2505 (1986).

In order to determine whether or not summary judgment should be granted, an examination of the substantive law is essential. Substantive law will identify which facts are material in that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248.

## DISCUSSION

### Duty to Defend Bickford and HWD's Status

Under Texas law,[2] an insurer owes a duty to defend its insured against allegations that are covered by the policy. *Nat'l Union Fire Ins. Co. v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997). "An insurer is obligated to defend an insured as long as the complaint alleges at least one cause of action within the policy's coverage." *Canutillo Indep. Sch. Dist. v. Nat'l Union Fire Ins. Co*, 99 F.3d 695, 701 (5th Cir. 1996); *see also Rhodes v. Chicago Ins. Co.*, 719 F.2d 116, 119 (5th Cir. 1983) (citing *Superior Ins. Co. v. Jenkins*, 358 S.W.2d 243, 244 (Tex. Civ. App.—Eastland 1962, writ ref'd n.r.e.); *Maryland Cas. Co. v. Moritz*, 138 S.W.2d 1095, 1097-98

---

2 The parties do not dispute the applicability of Texas law.

(Tex. Civ. App.—Austin 1940, writ ref'd)); *Am. Eagle Ins. Co. v. Nettleton*, 932 S.W.2d 169, 173 (Tex. App.—El Paso 1996, writ denied). Moreover, the obligation to defend arises if there is even "potentially, a case under the complaint within the coverage of the policy."³ *Rhodes*, 719 F.2d at 119; *Merchants Fast Motor Lines, Inc.*, 939 S.W.2d at 141; *Heyden Newport Chem. Corp. v. Southern Gen'l Ins. Co.*, 387 S.W.2d 22, 26 (Tex.1965) (quoting 50 A.L.R.2d 458, 504). The insured, however, must show "that the claim against it is potentially within the policy's coverage." *Canutillo*, 99 F.3d at 701; *see also Employers Cas. Co. v. Block*, 744 S.W.2d 940, 944 (Tex. 1988), *overruled on other grounds by State Farm Fire & Cas. v. Gandy*, 925 S.W.2d 696 (Tex. 1996). Conversely, "the insurer bears the burden of establishing that an exclusion in the policy constitutes an avoidance of or affirmative defense to coverage." *Canutillo*, 99 F.3d at 701 (citing Tex. Ins. Code Ann. art. 21.58(b) (Vernon 2005)). Once the insurer demonstrates the applicability of an exclusion, the burden re-shifts to the insured. *Guar. Nat'l Ins. v. Vic Mfg. Co.*, 143 F.3d 192, 193 (5th Cir. 1998). The insured must then establish an exception to the exclusion. *Id.*

To determine if a duty to defend exists, a district court must limit its review to the "four corners" of the insurance policy and the "four corners" of the allegations in the underlying complaint. *Merchants Fast Motor Lines, Inc.*, 939 S.W.2d at 140; *Providence Wash. Ins. Co. v. A & A Coating, Inc.*, 30 S.W.3d 554, 555 (Tex. App.—Texarkana 2000, pet. denied); *Tri-Coastal Contractors, Inc.*

---

3    In *Valley Forge Insurance Co. v. Shah*, the court recognized the reach of the "eight corners" analysis. The court considered evidence "seriously challenging the truth" of an artfully pleaded underlying complaint. *Valley Forge Ins. Co. v. Shah*, H-05-3056, 2007 WL 737490, at *10 (S.D. Tex. Mar. 7, 2007). Finding itself without "liberty to consider such evidence," the court concluded that "[e]ven when the allegations appear to be untrue, the court ordinarily cannot consider extrinsic evidence to defeat an insurer's duty to defend." *Id.* (citing *Liberty Mut. Ins. Co. v. Graham*, 473 F.3d 596, 599-600 (5th Cir. 2006) (stating that even facts that are easily ascertained from documents other than the pleading and policy should not be used to determine duty to defend); *GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 310 (Tex. 2006) (stating that an allegation's truth is "not a matter for debate in a declaratory judgment action between insurer and insured")).

5

*v. Hartford Underwriters Ins. Co.*, 981 S.W.2d 861 (Tex. App.—Houston [1st Dist.] 1999, pet. denied). This "eight corners" or "complaint allegation" rule governs this dispute. *See Merchants Fast Motor Lines, Inc.*, 939 S.W.2d at 141; *see also St. Paul Fire & Marine Ins. Co. v. Green Tree Financial Corp.*, 249 F.3d 389, 391 (5th Cir. 2001); *Canutillo*, 99 F.3d at 701. The court, therefore, must begin its consideration of the insurer's duty, if any, by examining the insurance policy at issue. *See, e.g.*, *Canutillo*, 99 F.3d at 700.

Texas law is clear that the interpretation of an insurance policy is a question of law subject to the same rules that apply to contracts generally. *Forbau v. Aetna Life Ins. Co.*, 876 S.W.2d 132, 133 (Tex. 1994); *Nat'l Union Fire Ins. Co. v. Hudson Energy Co.*, 811 S.W.2d 552, 555 (Tex. 1991); *Barnett v. Aetna Life Ins. Co.*, 723 S.W.2d 663, 665 (Tex. 1987); *Coker v. Coker*, 650 S.W.2d 391, 393-94 (Tex. 1983). Therefore, in "construing a contract, the court's primary concern is to give effect to the written expression of the parties' intent." *Forbau*, 876 S.W.2d at 133; *see also Balandran v. Safeco Ins. Co. of Am.*, 972 S.W.2d 738, 741 (Tex. 1998); *Nat'l Union Fire Ins. Co. v. CBI Indus., Inc.*, 907 S.W.2d 517, 520 (Tex. 1995). The court must first examine "the language of the contract itself." *Empire Fire & Marine Ins. Co. v. Brantley Trucking, Inc.*, 220 F.3d 679, 681 (5th Cir. 2000) (citing *Puckett v. U.S. Fire Ins. Co.*, 678 S.W.2d 936, 938 (Tex. 1984)). If the insurance policy language is susceptible to more than one reasonable interpretation then it is deemed ambiguous, and the court must "resolve the uncertainty by adopting the construction that most favors the insured." *Hudson Energy Co.*, 811 S.W.2d at 555 (citing *Barnett*, 723 S.W.2d at 667; *Ramsay v. Md. Am. Gen. Ins. Co.*, 533 S.W.2d 344, 349 (Tex. 1976); *Brown v. Palatine*, 35 S.W.1060, 1061 (1896)). However, policy language that can be given only one reasonable construction is not ambiguous. *Hudson Energy Co.*, 811 S.W.2d at 555*; Puckett v. U.S. Fire Ins. Co.*, 678 S.W.2d 936,

938 (Tex. 1984); *see also State Farm Life Ins. Co. v. Beaston*, 907 S.W.2d 430, 433 (Tex. 1995) ("[N]ot every difference in the interpretation of a contract or an insurance policy amounts to an ambiguity. Both the insured and the insurer are likely to take conflicting views of coverage, but neither conflicting expectations nor disputation is sufficient to *create* an ambiguity." (quoting *Forbau*, 876 S.W.2d at 134)).

Essex urges the court to construe insurance policy No. 3CR1514 to exclude coverage. Essex argues that there is no duty to defend Bickford because, for one, the policy language itself clearly and plainly excludes the claim upon which the allegations of the underlying complaint are based. The Commercial General Liability Coverage Form ("CGL Form"), as amended by the Combination General Endorsement ("CGE"), provides that the "insurance [policy] does not apply to liability for 'Bodily Injury' to an 'employee' of any insured arising out of and in the course of employment or while performing duties related to the conduct of the insured's business."[4] Moreover, the Additional Conditions Endorsement ("ACE") excludes coverage for "'bodily injury' . . . sustained by any contractor, self-employed contractor, and/or subcontractor, or any employee, leased worker, temporary worker or volunteer help of same." Lastly, the CGL Form provides that Essex "will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' . . . to which [the] insurance does not apply."

Clearly, whether Pedraza was employed by Bickford or was employed as a contractor or subcontractor, the insurance policy language excludes 'bodily injury' from the spectrum of coverage. Even were the court to find a joint venture between Angel Construction and Bickford, no coverage

---

4   'Bodily Injury" is a policy term defined to include death.

for Pedraza's death would be available under the insurance policy.[5] Also, even were the court to find in favor of coverage, HWD, being neither an insured nor listed on the additional insured endorsement, would not be entitled to coverage under insurance policy No. 3CR1514. Because Pedraza's death is not covered under the insurance policy, Essex does not have a duty to defend. Finally, defendants do not point to and the court fails to find any evidence within the eight corners of the policy and underlying complaint that would merit any inference of an exception to the excluded coverage. *See Vic Mfg. Co.*, 143 F.3d at 193.

### Duty to Indemnify Bickford

In Texas, the insurer's duty to indemnify an insured is more narrow than its duty to defend the insured. *Lincoln Gen. Ins. Co. v. Aisha's Learning Cent.*, 468 F.3d 857, 858 (5th Cir. 2006); *Gulf Chem. & Metallurgical Corp. v. Assoc. Metals & Minerals Corp.*, 1 F.3d 365, 369 (5th Cir. 1993); *St. Paul Ins. Co. v. Tex. Dep't of Transp.*, 999 S.W.2d 881, 884 (Tex. App.—Austin 1999, pet. denied). Therefore, an insurer not owing a duty to defend invariably owes no duty to indemnify. *Am. Nat'l Gen. Ins. Co. v. Ryan*, 274 F.3d 319, 324 (5th Cir. 2001) (citing *Lay v. Aetna Ins. Co.*, 599 S.W.2d 684, 687 (Tex. Civ. App.—Austin 1980, writ ref'd n.r.e.) ("[A]ppellee had no duty to defend appellant, and, in turn, appellant has no right to indemnification.")); *see also W. Heritage Ins. Co. v. River Entm't*, 998 F.2d 311, 315 (5th Cir. 1993) ("[I]f the district court's reading of the liquor liability exclusion is correct (i.e. no duty to defend), there can be no indemnity following a judgment."). However, "an insurer may have a duty to defend but, eventually, no duty to indemnify," *EMCASCO Ins. Co. v. Am. Int'l Specialty Lines Ins. Co.*, 438 F.3d 519, 524 (5th Cir.

---

5   Bickford concedes that coverage is excluded under the policy unless the court invalidates the CGE and ACE due to alleged misrepresentations during contract formation. However, the court finds no basis upon which to invalidate these endorsements.

2006) (citing *Farmers Tex. County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 82 (Tex. 1997)), because the actual facts established in the underlying litigation, rather than the allegations in the pleadings, trigger the duty to indemnify. *Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 821 (Tex. 1997).

Since the court has found that Essex does not owe Bickford a duty to defend, the court also finds that Essex does not owe Bickford a duty to indemnify. *See Ryan*, 274 F.3d at 324; *River Entm't*, 998 F.2d at 315.

### CONCLUSION

For these reasons, Essex's motion for summary judgment is GRANTED.

Signed at Houston, Texas on October 2, 2007.

_____
Gray H. Miller
United States District Judge